IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA CORE, | ) |
| on behalf of herself and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BRADLEY WINGS, LLC d/b/a | ) |
| BUFFALO WILD WINGS | ) |
| DOES 1-5, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Brenda Core brings this action to secure redress for defendant's violations of the Electronic Funds Transfer Act, 15 U.S.C. §1693 et seq. ("EFTA"), and implementing Federal Reserve Board Regulation E, 12 C.F.R. part 205.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1693m (EFTA).

3.  Venue in this District is proper in that defendant does business in this District.

### PARTIES

4.  Plaintiff Brenda Core is an individual who resides in Bourbonnais, Illinois.

5.  Defendant Bradley Wings, LLC d/b/a Buffalo Wild Wings is a limited

1

liability company which operates a restaurant at 2012 North State Route 50, Bourbonnais, Illinois 60914. Its registered agent and office is Bradley J. Fralich, 15308 Jillian Ct., Orland Park, Illinois 60467.  Defendant's registered agent and office is located in this District.

6. Defendant Bradley Wings, LLC operates an automated teller machine ("ATM") at its location at 2012 North State Route 50, Bourbonnais, Illinois 60914.

7. Defendants Does 1-5 are any other entities or persons responsible for the operation of the ATM at the above location.

## FACTS

8. Within one year prior to the filing of this action, plaintiff conducted an electronic funds transfer at the ATM operated by Bradley Wings, LLC at 2012 North State Route 50, Bourbonnais, Illinois 60914.

9. Any transaction carried out through an ATM is governed by EFTA.  The EFTA, 15 U.S.C. §1693a, provides:

> **. . . (6) the term "electronic fund transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions . . . .**

10. Plaintiff was charged a fee by the ATM.  A redacted copy of the receipt issued to plaintiff is attached as Exhibit A.

11. No notice stating that a fee would or may be charged was posted at or near the ATM.  Photographs of the ATM are attached as Exhibit B.

## **VIOLATION ALLEGED**

12. Bradley Wings, LLC failed to notify the public, as required by law, that they will be required to pay a fee each time they use the ATM.

13. The EFTA, 15 U.S.C. §1693b, provides:

**Regulations**

**(a) Prescription by Board. The Board shall prescribe regulations to carry out the purposes of this title *[15 USCS § § 1693* et seq.]. . . .**

**(d) Applicability to service providers other than certain financial institutions.**

    **(1) In general. If electronic fund transfer services are made available to consumers by a person other than a financial institution holding a consumer's account, the Board shall by regulation assure that the disclosures, protections, responsibilities, and remedies created by this title *[15 USCS § § 1693* et seq.] are made applicable to such persons and services. . . .**

    **(3) Fee disclosures at automated teller machines.**

        **(A) In general. The regulations prescribed under paragraph (1) shall require any automated teller machine operator who imposes a fee on any consumer for providing host transfer services to such consumer to provide notice in accordance with subparagraph (B) to the consumer (at the time the service is provided) of –**

            **(i) the fact that a fee is imposed by such operator for providing the service; and**

            **(ii) the amount of any such fee.**

        **(B) Notice requirements.**

            **(i) On the machine. The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.**

    (ii) On the screen. The notice required under clauses (i) and (ii) of subparagraph (A) with respect to any fee described in such subparagraph shall appear on the screen of the automated teller machine, or on a paper notice issued from such machine, after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction, except that during the period beginning on the date of the enactment of the Gramm-Leach-Bliley Act [enacted Nov. 12, 1999] and ending on December 31, 2004, this clause shall not apply to any automated teller machine that lacks the technical capability to disclose the notice on the screen or to issue a paper notice after the transaction is initiated and before the consumer is irrevocably committed to completing the transaction.

  (C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless–

    (i) the consumer receives such notice in accordance with subparagraph (B); and

    (ii) the consumer elects to continue in the manner necessary to effect the transaction after receiving such notice.

  (D) Definitions. For purposes of this paragraph, the following definitions shall apply:

    (i) Automated teller machine operator. The term "automated teller machine operator" means any person who–

      (I) operates an automated teller machine at which consumers initiate electronic fund transfers; and

      (II) is not the financial institution that holds the account of such consumer from which the transfer is made.

>>(ii) **Electronic fund transfer.** The term "electronic fund transfer" includes a transaction that involves a balance inquiry initiated by a consumer in the same manner as an electronic fund transfer, whether or not the consumer initiates a transfer of funds in the course of the transaction.
>
>>(iii) **Host transfer services.** The term "host transfer services" means any electronic fund transfer made by an automated teller machine operator in connection with a transaction initiated by a consumer at an automated teller machine operated by such operator.

14.    Regulation E, 12 C.F.R. § 205.16, provides:

**Disclosures at automated teller machines.**

   (a) **Definition.** Automated teller machine operator means any person that operates an automated teller machine at which a consumer initiates an electronic fund transfer or a balance inquiry and that does not hold the account to or from which the transfer is made, or about which an inquiry is made.

(b) **General.** An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

>(1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and
>
> (2) Disclose the amount of the fee.

(c) **Notice requirement.** To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

>(1) **On the machine.** Post in a prominent and conspicuous location on or at the automated teller machine a notice that:
>
>>(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or
>>(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under

> which a fee will not be imposed for such services; and
>
> **(2) Screen or paper notice. Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee. . . .**
>
> **(e) Imposition of fee. An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if**
>
> **(1) The consumer is provided the notices required under paragraph (c) of this section, and**
>
> **(2) The consumer elects to continue the transaction or inquiry after receiving such notices.**

15. Bradley Wings, LLC did not post a notice on or at its ATM that complied with 12 C.F.R. §205.16(c)(1).

16. The imposition of the charge is unlawful.

17. The EFTA, 15 U.S.C. §1693m, provides:

**Civil liability**

**(a) Individual or class action for damages; amount of award.** Except as otherwise provided by this section and section 910 *[15 USCS § 1693h],* any person who fails to comply with any provision of this title *[15 USCS § § 1693 et seq.]* with respect to any consumer, except for an error resolved in accordance with section 908 *[15 USCS § 1693f],* is liable to such consumer in an amount equal to the sum of--

  **(1) any actual damage sustained by such consumer as a result of such failure;**

  **(2) (A) in the case of an individual action, an amount not less than $ 100 nor greater than $ 1,000; or**

    **(B) in the case of a class action, such amount as the court may allow, except that (i) as to each member of the class no minimum recovery shall be applicable, and (ii) the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the**

>> same person shall not be more than the lesser of $ 500,000 or 1 per centum of the net worth of the defendant; and
>
>> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.
>
> **(b) Factors determining amount of award.** In determining the amount of liability in any action under subsection (a), the court shall consider, among other relevant factors--
>
>> (1) in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional; or
>
>> (2) in any class action under subsection (a)(2)(B), the frequency and persistence of noncompliance, the nature of such noncompliance, the resources of the defendant, the number of persons adversely affected, and the extent to which the noncompliance was intentional.
>
> **. . . (g) Jurisdiction of courts; time for maintenance of action.** Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.

### CLASS ALLEGATIONS

18. This claim is brought on behalf of a class, consisting of (a) all persons who used the ATM at 2012 North State Route 50, Bourbonnais, Illinois 60914, (b) and were charged a fee (c) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

19. The class is so numerous that joinder of all members is impracticable.

20. On information and belief, there are more than 50 persons who used the ATM at 2012 North State Route 50, Bourbonnais, Illinois 60914, and were charged a fee, during a period beginning one year prior to the filing of this action and ending 20 days after the filing of

this action.

21. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether defendant's ATM was posted with the notices required by law.

22. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

23. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of consumer credit claims and class actions.

24. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor and in favor of the class for:

    a. Appropriate compensatory and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. Such other or further relief as is appropriate.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\24807\Pleading\Complaint_Pleading.wpd